UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DEANNA BUTCHER,

                              Plaintiff,

    v.                                                     Civil Action No._____

GC SERVICES LIMITED PARTNERSHIP,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA).

### II. JURISDICTION AND VENUE

2. Subject matter jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C.§ 1331, and/or 28 U.S.C.§ 1337.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Deanna Butcher is a natural person residing in the County of Erie and State of New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

5. Defendant GC Services Limited Partnership (hereinafter "GC Services") is a corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. That at all times relevant herein, Defendant has used the United States mail service, telephone, telegram and other instrumentalities of interstate and intrastate commerce to attempt to collect consumer debt allegedly owed to another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendant regularly attempts to collect debts alleged to be due another.

9. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

### IV. FACTUAL ALLEGATIONS

10. That Plaintiff incurred a debt to PayPal in the process of making a diaper purchase on Ebay. This debt to PayPal will hereinafter be referred to as "the subject debt."

11. That upon information and belief, the subject debt was an obligation to pay money arising out of a transaction in which the money or services which were the subject of the transaction were primarily for personal, family, or household purposes.

12. That upon information and belief, the subject debt was a "debt" as that term is defined by 15 U.S.C.§1692a(5).

13. That Plaintiff paid for the diapers through PayPal, but never received the diapers.

14. The Plaintiff thereafter filed a claim with her bank to reverse her payment to PayPal.

15. PayPal informed Plaintiff that she was liable to them because they were unable to recoup their payment to the diaper vendor from said vendor.

16. That Plaintiff disputed the debt to PayPal, and continues to believe she is not liable, or should not be liable for the subject debt.

17. That upon information and belief, Defendant was thereafter employed by PayPal to attempt to collect the subject debt.

18. That in or about December of 2008, Defendant began calling Plaintiff by telephone multiple times per week, and often on multiple times in a day in an attempt to collect on the subject debt.

19. That during the first of these calls, Plaintiff spoke to Defendant and explained the history of the debt and why she believed that she did not owe the subject debt. Defendant stated that Plaintiff would be considered a refusal to pay and abruptly terminated the telephone call.

20. That on or about January 16, 2009, despite already possessing Plaintiff's proper location and contact information, Defendant called Plaintiff's brother, Christopher Garvey. Defendant disclosed the subject debt to Mr. Garvey. Mr. Garvey then stated that Plaintiff was currently on vacation. Defendant responded by asking how Plaintiff could afford to go on vacation when she could not afford to pay her bills. Mr. Garvey asked not to be called by Defendant. Defendant replied that they would stop calling Mr. Garvey when Plaintiff called Defendant.

21. That after receiving the January 16, 2009 telephone call, Mr. Garvey called Plaintiff to inquire about the debt.  Plaintiff told Mr. Garvey that she was not paying the alleged debt because she had been scammed.  Mr. Garvey offered his services to contact Defendant or PayPal to rectify the situation.  Plaintiff unambiguously informed Mr. Garvey that she did want him calling Defendant, or anyone else on her behalf, and that she would take care of the matter.

22. That on or about January 21, 2009, Mr. Garvey called Defendant to discuss the subject debt.  During the call, Defendant again disclosed details about the debt and implied that a lawsuit would be filed against Plaintiff.

23. Mr. Garvey informed Plaintiff of the January 21, 2009 telephone call.  Plaintiff then immediately called Defendant and was transferred to an employee who identified herself as "Katrina" and a "PayPal Supervisor."  Plaintiff stated that she would be contacting an attorney regarding Defendant's violations of her privacy rights.  Katrina asked Plaintiff how she could afford an attorney when she could not afford her bills.  Katrina also stated that she would see Plaintiff in court.

24. That at no time relevant herein had Defendant or PayPal made a decision to sue Plaintiff, nor did they ever intend to sue her.  In addition, PayPal did not authorize Defendant to sue Plaintiff.

25. That as a result of the foregoing, Plaintiff became nervous, upset, and suffered from emotional distress.

## V. CAUSE OF ACTION

26. Plaintiff repeats and re-alleges and incorporates by reference paragraphs 1 through 25 above.

27. That Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2) and 15 U.S.C. §1692c(b) by communicating with Plaintiff's brother for purposes other than to acquire location information for Plaintiff, and by disclosing the existence of the subject debt to him.

28. That Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(2) by using language the natural consequence of which was to abuse the hearer when asking Plaintiff how she could afford an attorney when she could not afford her bills and stating Defendant would see Plaintiff in court.

29. That Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse and harass.

30. That Defendant violated 15 U.S.C. §1692e(2)(A), 15 U.S.C. §1692e(5), 15 U.S.C. §1692e(10), and 15 U.S.C. §1692f by falsely representing implicitly and/or explicitly that they or PayPal would sue Plaintiff, or that a suit was pending against her.

31. As a result of the Defendant's violations of the FDCPA, the Plaintiff suffered actual damages, including emotional distress, and is also entitled to an award of statutory damages, costs and attorneys' fees.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendants for:

    (a)  Actual damages;

    (b)  Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C. §223(b)(3)(B);

    (c)  Treble statutory damages pursuant to 47 U.S.C. §227b(3);

    (d)  Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. §1692k; and

    (e)  For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: March 18, 2009

                                                                                                                    __s/Kenneth R. Hiller
                                                                                                                    Kenneth R. Hiller, Esq.
                                                                                                                    Amanda R. Jordan, Esq.
                                                                                                                    Law Offices of Kenneth Hiller
                                                                                                                    *Attorneys for the Plaintiff*
                                                                                                                    6000 North Bailey Ave., Suite 1A
                                                                                                                    Amherst, New York 14226
                                                                                                                    (716) 564-3288
                                                                                                       Email: khiller@kennethhiller.com
                                                                                                                  ajordan@kennethhiller.com